IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01497-CMA-KLM

B & B 2ND MORTGAGE, LLC,

    Plaintiff,

v.

TERRY HAMILTON a/k/a TERRY D. HAMILTON,
VALLEY BANK AND TRUST, N.A.

    Defendants.

## ORDER REMANDING CASE

The Court takes up this matter *sua sponte* on the notice of removal (Doc. # 1) filed by Defendants. For the following reasons, the Court REMANDS the case to the District Court, County of Weld, Colorado, for further proceedings.

## I. DISCUSSION

**A.**     **STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. The Court presumes no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1994 (10th Cir. 2003). Accordingly, the burden is upon Defendants, as the removing parties, to demonstrate the Court has jurisdiction. It must satisfy its burden by a preponderance of evidence. *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008).

**B. ANALYSIS**

The Court perceives many problems with this Notice of Removal. First, timeliness. Removal is governed in part by 28 U.S.C. § 1446. The first paragraph of § 1446(b) states in part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . " 28 U.S.C. § 1446(b). Defendants thus had thirty days after receipt of the initial pleading to remove the case to federal court. It is not even clear which pleading was the initial pleading. Two "complaints" were filed along with the Notice of Removal. (Doc. ## 1-1, 1-2.) The first was filed in state court over nine years ago, in May 2001. (Doc. # 1, ¶ 1.) The second is undated. (*See* Doc. # 1-2.) The Notice of Removal refers only to the first one. Accordingly, because they sought removal years after the case was filed, Defendants' removal is untimely.

Second, the parties. The notice of removal claims that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Doc. # 1 at 2, ¶ 3.) But it is not even clear who the parties are and, without knowing who they are, the Court cannot evaluate whether they are diverse. For example, in its opening paragraph the notice of removal states that it is filed by Sharon Hamilton and Chem-Away, Inc. (See Doc. # 1 at 2 ("[D]efendants, SHARON HAMILTON and CHEM-AWAY, INC. hereby remove to this Court the state court action described below."). While it appears from one of the complaints that Chem-Away, Inc. is a California-based company, Chem-Away, Inc. is not captioned as a defendant on the notice of removal. And there is no explanation anywhere of who Sharon Hamilton is.

Finally, the role of FIRREA. In addition to claiming diversity of citizenship, Defendants suggest they are entitled to removal because the case involves a federal question. The notice contains a reference to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101-73, 103 Stat. 183 (1989):

> This action is a civil action . . . which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 . . . because a cause of action under FIRREA has arisen in this action with the that [sic] past 12 months in the state action.

(Doc. # 1 at 2, ¶ 3.) The Court is unable to decipher whether this is a re-invocation of diversity jurisdiction or is an attempt to base removal on the provisions of FIRREA. The notice of removal does not indicate, and the attached complaints do not reveal, how FIRREA is implicated in this case. Thus, FIRREA provides no basis for removal of this case.

## II. CONCLUSION

Defendants, in sum, have not demonstrated that this Court has subject matter jurisdiction over this case. Therefore, it is ORDERED that this case is REMANDED to the District Court, Weld County, Colorado.

DATED:  5 , 2010        BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge